HON. JAMES E. BENSON County Attorney, Dutchess County
This is in response to your letter of May 6, 1977, wherein you request the opinion of this office with respect to the residency requirement contained in section 3(1) of the Public Officers Law. You state that Dutchess County is considering the enactment of a local law superseding that residency requirement as it applies to assistant county attorneys, and you refer to a previous opinion of this office (1975 Atty. Gen. [Inf.] 141) which stated that the residency requirements for city attorneys or corporation counsel in cities could be superseded by local law. You, therefore, inquire, in view of our 1975 opinion, whether Dutchess County is authorized, by local law, to supersede the residency requirement for assistant county attorneys contained in section 3(1) of the Public Officers Law.
An assistant county attorney is a local public officer, appointed pursuant to section 502 of the County Law. Those holding that office are, therefore, subject to the provisions of section 3
of the Public Officers Law, which states, in pertinent part, as follows:
"§ 3. Qualifications for holding office
 "1. No person shall be capable of holding a civil office who shall not, at the time he shall be chosen thereto * * * be a citizen of the United States, a resident of the state, and if it be a local office, a resident of the political subdivision or municipal corporation of the state for which he shall be chosen, or within which the electors electing him reside, or within which his official functions are required to be exercised, * * *."
Section 3 contains exceptions to its provisions for certain public officers in specified municipalities. However, there is no exception therein which would exempt an assistant county attorney in any county from its terms.
Pursuant to section 10(1)(ii)(a)(1) of the Municipal Home Rule Law, a county is empowered to adopt local laws, not inconsistent with the constitution or any general law, relating to the qualifications of its officers and employees. The term "qualifications" includes residency (1976 Atty. Gen. [Inf.] Feb. 23). A "general law" is defined, in section2(5) of the Municipal Home Rule Law, as:
 "A state statute which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages."
The use of the word "or" in the definition of a general law indicates that a state statute, in order to constitute a general law, would only have to apply alike to a particular municipal entity, such as all counties, or to all cities or all towns. A state statute does not have to apply alike to all cities and all towns and all counties and all villages in order to constitute a general law.
Thus, in our 1975 opinion to which you refer (1975 Atty. Gen. [Inf.] 141), we concluded that the City of White Plains could, by local law, supersede the provisions of section 3(1) of the Public Officers Law with respect to the office of corporation counsel, because of the fact that subdivision 11 of section 3 exempted the City of Salamanca from the provisions of subdivision 1. Because of the exemption, section 3(1) was no longer a general law with respect to the office of city attorney (or corporation counsel) in cities within the State, because it did not, by its terms, apply alike to the office of city attorney in every city.
In the present instance, however, the provisions of section 3(1) apply alike, in terms and in effect, to the office of assistant county attorney in every county. As it relates specifically to that office, therefore, it is a general law, and may not be superseded by a local law.
We conclude that Dutchess County is not authorized to enact a local law superseding the residency requirement contained in section 3(1) of the Public Officers Law as it applies to assistant county attorneys in Dutchess County.